# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     RICHIE ESTES | ) | CASE NO. 08-10129(1)(7) |
|     MICHELLE ESTES | ) | |
| | ) | |
|                Debtors | ) | |
| | ) | |
| MARK H. FLENER | ) | |
| | ) | |
|                Plaintiff | ) | AP NO. 09-1050 |
| | ) | |
| v. | ) | |
| | ) | |
| MONTICELLO BANKING | ) | |
|    COMPANY | ) | |
| | ) | |
|                Defendant | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss of Defendant Monticello Banking Company ("the Bank"). The Court considered the Bank's Motion and Memorandum of Law in Support of its Motion, the Response to the Motion to Dismiss of Plaintiff/Trustee Mark H. Flener ("Trustee"), the Bank's Reply to the Trustee's Response and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Bank's Motion to Dismiss. An Order dismissing this adversary proceeding accompanies the Memorandum-Opinion.

**UNDISPUTED FACTS**

On May 31, 2007, Debtors Gary Richie Estes and Michelle Estes ("Debtors"), signed a Promissory Note ("Note") on behalf of Insurance Etc., Inc. in the amount of $300,000 with the Bank as the lender.

Although the Note was signed by Debtors in their capacity as the president and partner of Insurance Etc., Inc., the Note also contained the following provision:

> Guaranty: By signing under seal, I unconditionally guarantee the payment of the Note and any amounts agreed to be paid under the terms of the Security Agreement. I also agree that to the extent applicable, all of the terms of this loan will apply to me.

The guaranty was then signed by each Debtor individually on May 31, 2007.

On April 30, 2007, the Debtors individually, executed a real estate Mortgage ("the Mortgage") in favor of the Bank on certain real estate securing the Note.

On May 31, 2007, the Deed on the mortgaged property was signed and conveyed to the Debtors by Dean Land Development, Inc.

Also on May 31, 2007, each of the Debtors individually signed a Continuing Guaranty in which they unconditionally guaranteed the prompt and full payment and performance of all of Insurance Etc., Inc.'s present and future indebtedness, liabilities, obligations and covenants to the Bank on the $300,000 Note.

On June 29, 2007, both the Mortgage and the Deed were recorded in the Russell County Clerk's Office.

On January 29, 2008, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Trustee was appointed and qualified as the Trustee in this case.

On October 8, 2009, Trustee instituted this adversary proceeding with the filing of his one Count Complaint seeking judgment in his favor avoiding the Bank's Mortgage pursuant to 11 U.S.C. §544. The Trustee claims that since the Mortgage was signed by the Debtors, but the Note was signed on behalf of Insurance Etc., Inc., the Bank should have filed a hypothecating mortgage. Since it did not, the Trustee contends he is entitled to avoid the Mortgage.

On January 19, 2010, the Bank filed a Motion to Dismiss the Trustee's Complaint based on the fact that Debtors personally guaranteed payment of the Note and that the Trustee cannot avail on himself of 11 U.S.C. §544 because he had constructive notice of the Mortgage and therefore could not be a bona fide purchaser under state law.

## LEGAL ANALYSIS

Pursuant to 11 U.S.C. §544(a)(3) a trustee in bankruptcy may avoid any obligation incurred by the debtor that is voidable by a hypothetical bona fide purchaser of real property under state law. A trustee in bankruptcy has the rights and powers of a bona fide purchaser of real property if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide status. In re Michigan Lithographing Co., 997 F.2d 1158 (6th Cir. 1993). While the Trustee's status as a bona fide purchaser arises from the Bankruptcy Code, federal law, the effect of that status depends on state law. A person is generally not deemed a bona fide purchaser if he has notice of facts which would cause a reasonably prudent person to make a further investigation to ascertain if there is an adverse interest in the property. Dudley v. Lovins, 310 Ky. 491, 220 S.W.2d 978 (1949). In Kentucky, a bona fide purchaser of real property is put on constructive notice of a prior interest in the property by the presence of a recorded deed or mortgage, acknowledged according to law. KRS 382.270.

The Trustee's rights with respect to his "strong arm" powers under §544 were formed as of the date the Petition was filed. If the Trustee had performed a title search on the property at issue in this case at the time Debtors' Petition was filed, the Trustee would have discovered the Bank's Mortgage because both the Deed to the property and the Mortgage were in the name of the Debtors. At the very least, this would give rise to constructive notice on behalf of the Trustee regarding the Bank's interest in the property.

Under Kentucky law, no deed or mortgage conveying a legal or equitable title to real property may be lodged for record and thus valid against a purchaser for valuable consideration without notice thereof, until the deed or mortgage is acknowledged or proved according to law. KRS 382.270. The Mortgage herein was properly acknowledged and proved as required by Kentucky law under KRS 382.270. Furthermore, it was properly recorded in the Clerk's Office of Russell County pursuant to KRS 382.110. Accordingly, the Court finds as a matter of law that the Trustee would have been placed on constructive notice of the Mortgage, if not actual notice. This negates the Trustee's use of 11 U.S.C. §544(a)(3), as he would not have been a bona fide purchaser under Kentucky law.

It is also clear that the Debtors were legally bound under the terms of the Note even though it was executed by them on behalf of their company. The Note contained a valid and binding guaranty of payment of the Note by the Debtors. Additionally, each of the Debtors executed valid and binding Continuing Guarantys obligating them on the Note. These guarantys obligated the Debtors individually to all terms of the Note, even though they signed the Note, as representatives of the company.

The Court notes that the Trustee also takes issue with the validity of the Mortgage because the date of the Note referenced in the Mortgage and the maturity date are incorrect. These arguments are not advanced in the Trustee's Complaint and the Court finds they are not timely raised. In any event, under the cases cited by the Bank in its response to these new arguments, In re Blieden, 49 B.R. 386 (Bankr. W.D. Ky. 1985) and In re Charles, 2004 WL 3622641 (Bankr. E.D. Ky. 2004), there is no merit to the Trustee's claims.

There is nothing in this case that would indicate that the Mortgage was either "unrecordable" under Kentucky law or "void." The Mortgage and Deed were recorded in the Russell County Clerk's office on the same date and were of record when Debtors filed their Chapter 7 Petition. The Trustee therefore, would not be a bona fide purchaser under Kentucky law and therefore cannot avail himself of the avoidance powers of 11 U.S.C. §544.

## CONCLUSION

For all the foregoing reasons, the Court will **GRANT** the Motion to Dismiss of Monticello Banking Company. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

　　　　　　　　　　　　　　　　　　／s／ Joan A. Lloyd
　　　　　　　　　　　　　　　　　　Joan A. Lloyd
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge
　　　　　　　　　　　　　　　　　　Dated: May 13, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHIE ESTES | ) | CASE NO. 08-10129(1) |
| MICHELLE ESTES | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| MARK H. FLENER | ) | |
| | ) | |
| Plaintiff | ) | AP NO. 09-1050 |
| | ) | |
| v. | ) | |
| | ) | |
| MONTICELLO BANKING | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss adversary proceeding of Defendant Monticello Banking Company, be and hereby is, **GRANTED**.

This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 13, 2010